UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

RACHEL G.[1],

                  Plaintiff,

v.                                                                              CASE # 20-cv-01373

COMMISSIONER OF SOCIAL SECURITY,

                  Defendant.
_____

APPEARANCES:                                                   OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC        MARY ELLEN GILL, ESQ.
  Counsel for Plaintiff                                      KENNETH R. HILLER, ESQ.
600 North Bailey Ave
Suite 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.                        KRISTINA D. COHN, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

J. Gregory Wehrman, U.S. Magistrate Judge,

**MEMORANDUM-DECISION and ORDER**

      The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant

___

[1] In accordance with Standing Order in November 2020, to better protect personal and medical information of non-governmental parties, this Memorandum-Decision and Order will identify plaintiff by first name and last initial.

to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative record is **DENIED**, the defendant's motion for judgment on the administrative record is **GRANTED**, and the decision of the Commissioner is **AFFIRMED**.

I.     RELEVANT BACKGROUND

    A.     **Factual Background**

Plaintiff was born on March 30, 1982, and has a high school education. (Tr. 113, 392). Plaintiff alleged disability based on a back injury, status post surgeries; obesity; Grave's Disease; and chronic pain syndrome with depression. (Tr. 897). Her alleged onset date of disability was December 13, 2004 and her date last insured was December 31, 2021. (Tr. 113, 115). She later amended her onset date to March 10, 2007[2]. (Tr. 897)

    B.     **Procedural History**

On September 11, 2011, plaintiff applied for a period of Disability Insurance Benefits (SSD) under Title II of the Social Security Act. (Tr. 113). Plaintiff's application was initially denied, after which she timely requested a hearing before an Administrative Law Judge (ALJ). On January 17, 2013, plaintiff appeared before ALJ Donald McDougall. (Tr. 28-58). On March 11, 2013 ALJ McDougall issued a written decision finding plaintiff not disabled under the Social Security Act. (Tr. 9-27). The Appeals Council (AC) denied plaintiff's request for review and plaintiff appealed to this Court. (Tr. 1-6). On July 14, 2015, this Court remanded the case based upon a stipulation between the parties. (Tr. 802). On December 21, 2015, ALJ William Weir held plaintiff's second administrative hearing (Tr. 721-76), and on November 10, 2016, he issued a

---

[2] The most recent ALJ decision identifies the amended onset date as March 10, 2017, (Tr. 1004), but this is a harmless typographical error.

second unfavorable decision. (Tr. 695-720). Plaintiff appealed that decision to this Court, and on October 23, 2017, this Court once again remanded pursuant to stipulation between the parties. (Tr. 1094-95). On May 18, 2020, a third hearing was held (Tr. 1033-65), and on June 4, 2020, ALJ Weir issued a third unfavorable decision. (Tr. 1001-29). Plaintiff appeals that decision directly to this Court.

    **C.**    **The ALJ's Decision**

Generally, in his decision, the ALJ made the following findings of fact and conclusions of law:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2021.

2. The claimant did not engage in substantial gainful activity during the period from her alleged onset date of December 13, 2004 through her date last insured of December 31, 2012[3] (20 CFR 404.1571 *et seq*.).

3. Through the date last insured, the claimant had the following severe impairments: lumbar spine degenerative disc disease, status post three surgeries and obesity (20 CFR 404.1520(c)).

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526).

5. After careful consideration of the entire record, I find that, through the date last insured, the claimant had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except lift and/or carry ten pounds frequently. The claimant can sit for an hour without moving on to either standing or walking and may do that intermittently with normal breaks for eight out of eight hours. The claimant may combined stand or walk two out of eight hours and each may be done for one hour. The claimant can occasionally work above shoulder level, but with no limitations below shoulder level. The claimant should not use foot controls. The claimant can occasionally use ramps and stairs. The claimant may not use ladders, ropes, or scaffolds. The claimant can occasionally balance, kneel, and crouch. The claimant can never crawl. The claimant can never work at unprotected heights, around dangerous machinery, tools, or chemicals. The claimant can occasionally be exposed to extremes in temperature. The claimant should not work in an environment that involves heavy vibratory machinery or other conditions.

---

[3] This Court acknowledges the ALJ cited the incorrect amended alleged onset date in this finding but throughout the remainder of the decision it is clear that he correctly referenced the amended alleged onset date of March 30, 2007.

3

6. Through the date last insured, the claimant was capable of performing past relevant work as a customer service representative, supervisor. This work did not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

7. The claimant was not under a disability, as defined in the Social Security Act, at any time from December 13, 2004, the alleged onset date, through December 31, 2012, the date last insured (20 CFR 404.1520(f)).

(Tr. 1001-1022).

## II.   THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.   Plaintiff's Arguments

Plaintiff makes three arguments in support of her motion for judgment on the pleadings. First, plaintiff argues the ALJ failed to consider the opinion of medical examiner Dr. Clark that plaintiff met Listing 12.04. Second, the ALJ did not properly weigh the opinions of Dr. Baskin or Dr. Clark. Lastly, the ALJ erred in giving greater weight to the medical expert and not including an at-will sit/stand option. (Dkt. No. 12 at 1 [Plaintiff's Mem. of Law]).

### B.   Defendant's Arguments

Defendant responded to each of plaintiff's arguments. Defendant argues the ALJ's Step Two and Step Three findings were supported by substantial evidence (Dkt. No. 13 at 4 [Defendant's Mem. of Law]). Defendant next asserts the ALJ properly considered all opinion evidence, including opinions from Dr. Baskin and Dr. Clark. (Dkt. No. 13 at 5). Lastly, defendant argues the ALJ's RFC finding was supported by substantial evidence. (Dkt. No. 13 at 7).

### III.   RELEVANT LEGAL STANDARD

#### A.   Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's

independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B.   Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

### IV.   ANALYSIS

#### A.  Listing 12.04

Plaintiff first argues the ALJ erred by not expressly considering Listing 12.04. (Dkt. No. 12 at 17). At plaintiff's second hearing on December 21, 2015, medical expert Dr. Julian Clark testified that during the relevant time period plaintiff had a diagnosis of adjustment reaction with depressive symptoms and met Listing 12.04 for depressive syndrome, with four of the five subgroups described in that listing. (Tr. 704). He testified that she was markedly impaired in

concentration, with poor memory, and a slow down of pace so that she can only do things slowly. (Tr. 731). Although not expressly addressed in the Step Three finding, the ALJ addressed Dr. Clark's opinion in the Step Two discussion. (Tr. 1009). At Step Two ALJ Weir concluded that plaintiff's adjustment disorder with mixed anxiety and depressed mood was not a severe impairment as he found plaintiff had no limitations in understanding, remembering, or applying information; interacting with others; and adapting oneself, and only mild limitations in concentration, persistence, or pace. (Tr. 1009-10); *see* 20 C.F.R. § 404.1520a(d)(1). Per the regulations, the ALJ appropriately addressed the medical opinion. *See* 20 C.F.R. § 404.1527(a)(2). He accorded little weight to the opinion of Dr. Clark explaining it was inconsistent with claimant's subjective complaints, lack of treatment, and activities prior to the date last insured. (Tr. 1009). As arcuately presented by defendant, since the ALJ found the mental impairment was nonsevere, there was no need for the ALJ to examine Listing 12.04 at Step Three. (Dkt. No. 13 at 6). Plaintiff does not identify any additional medical records to support a severe mental impairment or make any argument that the mental impairment should have been found severe. (Dkt. No. 12). There was no error in the Step Two or Step Three analysis.

### B. Opinion Evidence

Plaintiff next argues the ALJ did not properly weigh the opinions of Dr. Baskin or Dr. Clark. (Dkt. No. 12 at 20). It is well-established that the ALJ has both the ability and the responsibility to resolve conflicts in the evidence and to weigh all of the available evidence to make an RFC finding that is consistent with the record as a whole. *Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002). ALJ Weir identified both opinions, along with a number of other opinions, accorded weight, and gave good reasons to support his findings. Therefore, this argument fails.

On December 2, 2011, Renee Baskin, Ph.D, conducted a consulting psychiatric evaluation at the request of the state agency. (Tr. 392-95). Dr. Baskin opined that plaintiff had minimal to no limitations on following and understanding simple instructions, performance of simple tasks, maintain attention, maintain a regular schedule, learn new tasks, perform complex tasks independently, make appropriate decisions, and relate adequately with others. (Tr. 394-95). However, plaintiff contends the ALJ did not consider the final statements of the opinion which asserts that plaintiff would have moderate limitations being able to deal with stress. (Dkt. No. 12 at 13, *referring to* 395). The ALJ gave significant weight to the opinion but specified that the moderate limitation for dealing with stress was given no weight. (Tr. 1009). A review of Dr. Baskin's report reveals plaintiff related her depressive and anxiety-related symptoms to her chronic pain, medical problems, and financial stress. (Tr. 393). *See Denea v. Comm'r of Soc. Sec.*, No. 18-CV-779, 2020 WL 994672, at *6 (W.D.N.Y. Mar. 2, 2020) (Although the record showed that plaintiff handled stress poorly at times, the factors cited by plaintiff that caused him stress were situational rather than disabling). Plaintiff additionally reported any limitations to her activities of daily living were because of difficulty standing, sitting, bending, climbing and walking. (Tr. 394). Findings on the mental exam were also relatively normal save mild difficulties in attention, concentration and memory skills because of distractibility secondary to physical pain or discomfort. (*Id.*).

Plaintiff argues the ALJ misstates that the stress limitation was not based on the alleged mental impairment. Regardless of the source of mental limitations, be it physical or mental problems there is no evidence of limitations even in Dr. Baskin's own exam findings. (Tr. 394). Plaintiff did not identify any other evidence to support Dr. Baskin's moderate limitation in dealing with stress and the record as a whole did not support a severe mental impairment in any event. (Tr.

1009). Plaintiff was alert, oriented, and cooperative (Tr. 261, 264, 267, 338, 375, 393, 439, 449, 556, 642, 665, 994, 1375); she could follow three-step commands (Tr. 261); and she had adequate social skills, coherent/goal-directed thoughts, a euthymic mood, only mildly impaired-to-normal attention/concentration/memory, average intellectual functioning, and good insight/judgment. (Tr. 394, 456, 665, 1308, 1329).

Plaintiff again argues the opinion of Dr. Clark was not properly considered and the ALJ ignored the consistency between that opinion and Dr. Baskin's. (Dkt. No. 12 at 22). However, as discussed in greater detail previously in this decision, the ALJ properly addressed the opinion of Dr. Clark finding his opinion inconsistent with plaintiff's activities of daily living and treatment, which included no mental therapy or medication. (Tr. 1051). The ALJ had already found Dr. Clark's opinion not supported and inconsistent with the record. As it pertains to the opinions of Dr. Clark and Dr. Baskin, ALJ Weir clearly identified which portions of the opinions he relied on, which he rejected, and the reasons for his treatment of these limitations. (Tr. 1009, 1017). Consequently, the mere fact that the ALJ found some portions of these opinions to be consistent with the evidence as a whole while others to be inconsistent is not error, rather a proper execution of the ALJ's duty to weigh all evidence and resolve conflicts.

### C. RFC and sit/stand option

The RFC is an assessment of the most plaintiff can still do despite his limitations. 20 C.F.R. § 404.1545(a)(1). Plaintiff argues the RFC was unsupported by substantial evidence because the ALJ gave greater weight to an opinion of a non-examining medical expert and did not include a sit/stand option. (Dkt. No. 12 at 23). As discussed above, it is within the ALJ's discretion to resolve conflicts in the evidence by choosing between properly submitted medical opinions. *See Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998).

At the third hearing on May 18, 2020, medical expert Dr. Louis Fuchs (see T. 1225) testified that plaintiff "seem[ed] quite decent" and he did not see support in the record for a need to recline after an hour of work. (Tr. 1040, 1225). According to Dr. Fuchs, plaintiff could lift 10 pounds continuously and "probably occasionally up to 20," with the same for lifting and carrying; she could continuously handle; she could sit for an hour at one time and stand and walk for an hour at a time; "[i]n an eight hour day she can be sedentary for 8 hours with the appropriate work breaks" and "probably be ambulatory for perhaps 3 to 4 hours" in an eight-hour workday, "either standing or walking." (Tr. 1044). He opined she could not use foot controls and could occasionally reach overhead and continuously reach in other directions. (Tr. 1044). ALJ Weir accorded great weight to the opinion explaining it was based on a comprehensive review of the medical record and supported by medical findings of record. 20 C.F.R. § 404.1527(f). (Tr. 1019).

ALJs are permitted to rely on opinions from non-examining medical sources. *See David W. v. Comm'r of Soc. Sec.*, 8:17-CV-0734 (CFH), 2018 WL 6088095, at *8 (N.D.N.Y. Nov. 20, 2018); *see also Hernandez v. Comm'r of Soc. Sec.*, 116CV07584ERSDA, 2018 WL 3300693, at *16 (S.D.N.Y. Feb. 15, 2018) (adopted sub nom. *Hernandez v. Berryhill*, 16CIV7584ERSDA, 2018 WL 1581688 (S.D.N.Y. Mar. 28, 2018); "The ALJ is permitted to rely heavily on the opinion evidence of a medical expert when assessing RFC, so long as the opinion is consistent with the evidence in the medical record").

Indeed, there are other opinions in the record that were not consistent with the medical evidence as a whole and to which the ALJ gave less weight. For instance, prior to the amended onset date, Dr. Cardamone opined plaintiff could do no prolonged sitting. (Tr. 296-97). As identified by the ALJ, this opinion did not relate to the period at issue yet is not inconsistent with the ALJ's RFC which allows plaintiff to change positions after an hour of sitting. (Tr. 1011). The

definition of sedentary work includes sitting and standing. *See* 20 C.F.R. § 404.1567(a). Similarly, in January 2012, Dr. Friedman opined the plaintiff could work only at a sedentary job with the ability to change positions. (Tr. 656). This opinion likewise is not inconsistent with the ALJ's RFC and it was accorded partial weight.

Plaintiff asserts the ALJ should have accorded greater weight to the opinions of examining physicians Dr. Ring and Dr. Peer. (Dkt. No. 11 at 23). In March 2009, Dr. Ring examined plaintiff and opined that she needed a sedentary job where she could get up and down as necessary to be comfortable. (Tr. 284). In April 2010, Dr. Peer opined that plaintiff would need a job that would allow changes of positions and the ability to seek recumbency after about an hour. (Tr. 281). The ALJ appropriately discussed both opinions and rationale for rejecting the opinions.

ALJ Weir clarified that while the record showed plaintiff may need to rise from the seated position after one hour to briefly stand and stretch, the clinical findings do not support Dr. Ring's limitation. (Tr. 1017-18; *see Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004) (deference to treating source's opinion was not required where treating physician issued opinions that were not consistent with other substantial evidence in the record). Indeed, examination findings revealed that although plaintiff had lumbar spine and occasional right leg tenderness, she had a normal gait, generally negative straight leg raising tests, near-to-full range of motion and strength of the lower extremities, and no neurological deficits. (Tr. 189, 197, 203, 216, 235, 247, 249, 252, 255, 264, 267, 290, 316, 338, 341, 357, 375, 378, 389-90, 421, 424, 427, 439, 444, 450, 456, 459, 489, 512, 528, 642, 655, 661, 665, 671, 685, 938-39, 944, 962, 976-77, 981-82, 986, 993-94, 998, 1279, 1287, 1308, 1329, 1390-91, 1394, 1398). Further, Dr. Ring's report indicated plaintiff continued to work at her customer service job for two years after she fell at work injuring her back in

December 2004 and that she only stopped working when she was laid off from her job due to lack of work. (Tr. 283).

The ALJ appropriately explained he gave little weight to Dr. Peer's opinion because he only examined plaintiff once and based the limitation on plaintiff's subjective report of needing to be in a recumbent position throughout the day. (Tr. 278, 281, 1018). In addition, although Dr. Peer's findings showed plaintiff had low back pain, they also showed that plaintiff had intact reflexes and sensation in the lower extremities and that she walked with a normal gait. (Tr. 280). The ALJ had the responsibility to determine a claimant's RFC, based on all of the relevant medical and other evidence in the record, not just one medical opinion. *See* 20 C.F.R. §§ 404.1527(d)(2), 404.1545(a), 404.1546(c). With both exam findings and opinion evidence, the ALJ resolved the evidentiary conflicts, and the Court defers to the Commissioner's resolution of the conflicting evidence. *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012).

While plaintiff may disagree with the ALJ's conclusion, the Court must defer to the Commissioner's resolution of conflicting evidence and reject the ALJ's findings only if a reasonable factfinder would have to conclude otherwise. *Morris v. Berryhill*, No. 16-02672, 2018 WL 459678, at *3 (2d Cir. Jan. 18, 2018) (internal citations and quotations omitted); *Krull v. Colvin*, 669 F. App'x 31 (2d Cir. 2016) (the deferential standard of review prevents a court from reweighing evidence); *Bonet*, 523 F. App'x at 59 ("Under this very deferential standard of review, once an ALJ finds facts, we can reject those facts only if a reasonable factfinder would have to conclude otherwise.").

**ACCORDINGLY, it is**

**ORDERED** that plaintiff's motion for judgment on the pleadings (Dkt. No. 12) is

**DENIED**; and it is further

**ORDERED** that defendant's motion for judgment on the pleadings (Dkt. No. 13) is

**GRANTED.**

Dated: October 15, 2021                                             _J. Gregory Wehrman_
Rochester, New York                                              HON. J. Gregory Wehrman
                                                                                  United States Magistrate Judge